IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARTHUR STROZEWSKI : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. 10–CV-1128 |
| v. : | |
| : | JUDGE ALGENON L. MARBLEY |
| ROD'S WESTERN PLACE : | Magistrate Judge Deavers |
| : | |
| **Defendant.** : | |

**OPINION AND ORDER**

### I.     INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint, (Dkt. 29). For the reasons stated herein, and the Court finding it in the interest of justice, Plaintiff's Motion is hereby **GRANTED**. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. 34), is therefore **DENIED** as moot, without prejudice.

### II.    BACKGROUND

This case involves Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 and related state law causes of action regarding a "three stone horseshoe ring" design which Defendant allegedly copied, marketed, and sold a "knock-off" version of. At the time of the filing of Plaintiff's First Amended Complaint, he did not own a federally registered copyright over the "three stone horseshoe ring" design. Defendant moved to dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6), arguing that it failed to state a claim upon which relief can be granted because Plaintiff lacked a copyright registration. (Dkt. 34 at 3.)

After the Defendant filed its motion to dismiss, the U.S. Copyright Office approved Plaintiff's application for a copyright to the "Three Stone Horseshoe Ring," Reg. No. VA-1-777-

411. (Dkt. 38-1.) Plaintiff was granted leave to supplement his Motion for Leave to File Second Amended Complaint to reflect the approval of his copyright, and filed a Supplemental Instanter requesting leave to file his Second Amended Complaint and reflect that his copyright is now fully registered. (Dkt. 41).

### III. LAW AND ANALYSIS

Defendant opposed Plaintiff's motion for leave to amend his Complaint a second time. (Dkt. 33.) Defendant alleged that Plaintiff's proposed amendment would be "futile" because it would not survive a motion to dismiss under Rule 12(b)(6) in light of the statutory requirement of registration of the copyrighted work as a prerequisite to an infringement suit. *See* 17 U.S.C. § 411(a) (stating, in relevant portion that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"). Defendant's argument was based on the fact that as of the filing of Plaintiff's motion to amend the complaint, the Copyright Office had not yet granted Plaintiff's application for copyright of the "three stone horseshoe ring" design.

Defendant does not dispute the lawfulness of the Court's jurisdiction over the case despite Plaintiff's (prior) lack of a registered copyright. (Dkt. 33. at 4.) Although Plaintiff's lack of copyright registration may indeed have precluded his success on the claims in his First Amended Complaint, the Court has had proper jurisdiction over the case, *see Reed Elsiver, Inc, v. Muchnik*, 130 S.Ct. 1237, 1245-46 (2010), and as Plaintiff correctly points out, if the Court were to deny his motion for leave to amend the complaint, Plaintiff would be able to simply re-file the case as a new action. Moreover, Defendant has not demonstrated any prejudice that would result from the Court's granting Plaintiff's request. *See U.S. v. Wood*, 877 F.2d 453, 456-

57 (6th Cir. 1989).  Defendant will have full opportunity to raise any and all defenses and/or dispositive motions in response to Plaintiff's Second Amended Complaint.

## IV. CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Complaint is hereby **GRANTED**. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is therefore **DENIED** as moot, without prejudice.

**IT IS SO ORDERED.**

   s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED:  December 13, 2011**